## INSUFFICIENT GROUND FOR DISBARMENT.

Circuit Court of Ashland County.

IN THE MATTER OF THE COMPLAINT AGAINST H. L. McCRAY, AN ATTORNEY AND COUNSELOR AT LAW OF ASHLAND COUNTY, OHIO.

Decided, June Term, 1913.

*Attorney and Client—Collection of Fee for Services Subsequently Regarded as Unnecessary Not Moral Turpitude—Disagreement Between Attorney and Client as to Contract Entered Into Between them.*

1. The retention by an attorney of a larger portion of the amount recovered than the client believed to be warranted by the contract of employment, does not constitute ground for disbarment, where the client is an aged man and his inconsistent and contradictory testimony as to the terms of the contract indicates that if not an unreliable witness he is at least very forgetful.

2. The collection from the guardian of an imbecile of a fee of $5,000 for services which resulted in a compromise whereby a large amount of cash and securities were turned over to the guardian, $2,000 of which fee was paid to another attorney for services in the same behalf, is not rendered an act of moral turpitude by the fact that these services were subsequently regarded as unnecessary and a finding to that effect was made in the common pleas court.

VOORHEES, J.; SHIELDS, J., and POWELL, J., concur.

This cause is in this court by appeal from the Court of Common Pleas of Ashland County, Ohio, and is submitted to the court upon the complaint in writing against said H. L. McCray preferred by order of the judges of the court of common pleas of the sixth district of Ohio, wherein, among other things, it is charged, as set out in the first specification under said charge, that said Henry L. McCray was guilty of unprofessional conduct involving moral turpitude in this, to-wit:

On or about the first day of October, 1889, said Henry L. McCray as an attorney and counselor at law was retained and employed by one Ludwig Scheriff, a resident of Ashland county, Ohio, to prosecute a certain action against the county treasurer

of Ashland county for the recovery of $1,456 which a certain tax inquisitor, one E. A. Bowman, claimed was due from said Ludwig Scheriff to said county as back taxes, and which amount was paid.

Said Henry L. McCray as attorney for said Ludwig Scheriff subsequently filed a petition in the court of common pleas of said county praying judgment against the treasurer of Ashland county for the sum of $1,456 and interest from October 5, 1898.

On or about December 6, 1900, a compromise was effected between said Henry L. McCray, attorney for said Scheriff and the county treasurer on the basis of $792.02, whereupon said Henry L. McCray received and receipted to the auditor for said sum of $792.02 December 6, 1900, and signed said receipt, ''McCray & McCray, attorney, L. Scheriff''; three or four weeks after McCray & McCray received said $792.02 from the county treasurer, $150 thereof was turned over to said Scheriff; that said amount is all that said Scheriff received; said H. L. McCray then and there converting the balance thereof, to-wit, $642.02, to his own use and benefit, and refused thereafter to pay said Scheriff any further part thereof, though often requested so to do.

Said cause was heard in the court of common pleas to the judges of said sixth district upon said complaint and the specifications thereunder, resulting in a finding by said court that said Henry L. McCray has been guilty of misconduct in his office of attorney and counsellor at law involving moral turpitude as set forth in said specifications. It was therefore ordered and decreed by the court that the said Henry L. McCray be, and he is removed from his office of attorney and counselor at law in the courts of the state of Ohio, and that the name of the said Henry L. McCray be stricken from the roll of attorneys.

To this finding and judgment of the court the said Henry L. McCray appealed to said circuit court and such proceedings were had in the premises that said cause was duly appealed to said court and the same came on for hearing at the June term, 1913, of the court of appeals of said county, which court is the successor in jurisdiction of said circuit court, to which the cause was

appealed as aforesaid, and the same was submitted at said June term upon said complaint and the evidence.

The case was tried in said court on the testimony taken in the court below, and by agreement of the parties the transcript of the testimony, so taken, was submitted to the court, together with additional oral testimony in behalf of said Henry L. McCray, which transcript and oral testimony were offered by the parties on the trial and were all the evidence in the case.

In support of said complaint said Ludwig Scheriff was sworn and testified. An examination of the record containing said Scheriff's testimony discloses the fact that Mr. Scheriff is an old gentleman some eighty years of age and that his testimony is indefinite and contradictory in many particulars, but it is apparent that the transaction out of which said controversy grew was a claim of Mr. Scheriff's for the recovery of taxes that had been wrongfully assessed against him and paid, and to recover back taxes so collected from him, which amounted to over $1,500. He called upon Judge McCray in reference thereto, and it was concluded on consultation that a suit should be brought to recover back said taxes, and by agreement between Mr. Scheriff and Judge McCray the fees were to be one-half of the amount recovered back from the county.

The case was finally compromised for the sum of $792.02. The compromise was brought about in this way. If the case had proceeded to trial Mr. Scheriff would necessarily have been a witness, wherein he would have been subject to examination concerning his property, etc., and this he absolutely refused to do. Rather than be a witness he was willing that the whole sum might be lost so far as he was concerned, as he would not go into court and subject himself to an examination. Thereupon negotiations were entered into whereby a compromise was effected for the amount above stated, viz., $792.02, and this sum was paid to Judge McCray. Afterwards $150 was paid to Mr. Scheriff and a receipt was given by him to Judge McCray for $400. Scheriff claims that this amount was never paid to him and he denied in his testimony that he had agreed to give one-half of the amount recovered back to the attorney for collecting the same. An ex-

amination of the testimony of Mr. Scheriff shows that he was either very forgetful or that his testimony is inconsistent and unreliable.

On the other hand, Judge McCray testifies in his own behalf concerning the transaction, and his testimony is clear and convincing as to the transaction from its inception to its final determination, and shows that in place of there being a wrongful appropriation of any part of this money recovered back, that the judge was more than generous in settling with this old man and paying him more money than he was entitled to under the contract that he had made for the collection of the claim on account of back taxes paid.

It is very apparent to the court that old Mr. Scheriff had been used by some designing parties to institute complaint against Judge McCray, and without any ground therefor was willing to make complaint that he had not been paid his share of the money that was so refunded by the county for taxes that had been wrongfully collected from him.    The court thinks that the whole trouble in the matter grew out of some jealousy or ill-feeling by some parties against Judge McCray, and that they could and did wrongfully use this old man to induce him to make these charges against the judge, and this court is surprised, in view of the testimony that was given in this case and the nature of the testimony as given by Mr. Scheriff, how the court or the judges thereof ever could have arrived at a conclusion or result that Judge McCray in this transaction was guilty of misconduct as an attorney involving moral turpitude, and we think that the judgment and finding of the court is not supported by the evidence, but is manifestly contrary thereto.

Therefore, the judgment of this court is that the specification under charge number 1 is not supported by sufficient evidence and is contrary to the evidence.

It is also charged that H. L. McCray is guilty of unprofessional conduct in his office as attorney and counselor at law involving moral turpitude in this, to-wit:

From the records of the Probate Court of Ashland County it appears that on or about October 4, 1904, one E. F. Shelley was

appointed guardian of one Paul Oliver and his estate and duly qualified and entered upon his trust; that such proceedings were thereafter had as compelled him to file an inventory and account of his administration of said trust, to which inventory and account exceptions were filed and heard, among which were exceptions to a large amount paid to said Henry L. McCray, to-wit, about $5,000.

It further appears that the same was heard before Wickham, Judge, in the court of common pleas on or about the 15th to the 18th day of June, 1909, both inclusive, and resulted in a disallowance of the said $5,000, which said guardian paid to said H. L. McCray for alleged services rendered. In that proceeding it was found by the court of common pleas that the payment of the said $5,000 was not a legal or proper charge in whole or in part.

The facts concerning this transaction are that said E. F. Shelley, under a claimed power of attorney to act for Paul Oliver, went to the office and secured the services of said H. L. McCray for the purpose of getting the custody and control of about $26,500 belonging to said Paul Oliver, then in the hands of one S. A. Raridon, cashier of the First National Bank of Loudonville, Ohio, in which bank Paul Oliver was a director and president.

The legal services which said McCray was called upon to do and which he did were to prepare and file a petition for an injunction, commanding said Raridon to deliver the certificates or money to said E. F. Shelley; that the date of this claimed contract for legal services was prior to the appointment of E. F. Shelley guardian; that the action was brought by the said H. L. McCray for E. F. Shelley individually against S. A. Raridon, and in no way connected the name of Paul Oliver with such transaction. That said Raridon had retained as his attorney in the matter Mr. Jesse Hissem, of Loudonville, Ohio, which appears of record in the appearance docket volume 28, page 394 of the records of said court of Ashland county.

Without going into too much detail as to the specifications under this charge, it is sufficient to say that in support of this charge said S. A. Raridon was sworn and testified, and from his testimony it appears that Raridon was the cashier of said

bank at Loudonville, in which said bank Mr. Paul Oliver was a large holder of stock, and had funds in said bank aggregating some $62,000. That there was $26,500 in cash which was evidenced by certificates of deposit issued by said Raridon payable to his order. Said certificates were for the amounts following, to-wit: two for $10,000 each, one for $5,000, and one for $1,500. Raridon had possession of these certificates, and Mr. Oliver becoming uneasy about the financial responsibility of Mr. Raridon, wanted to have the certificates turned over to him. This Raridon refused to do, and thereupon Mr. Oliver called upon Judge McCray to consult him with reference thereto, and upon consultation it was concluded to bring an action. Said E. F. Shelley as the friend of Oliver and later his guardian consulted with Judge McCray as to what would be the best course to pursue to get said certificates from said Raridon.

Upon consultation with Mr. Oliver and other parties interested with the bank, it was thought best not to bring a suit directly against Raridon by the bank for said certificates, as such a proceeding it was feared might hurt the credit of said bank. Therefore a different plan was adopted than to have a suit brought by Mr. Oliver as president or otherwise of the bank or the bank itself. Before any action was taken it was agreed by Mr. Oliver with Judge McCray that if he would recover back said certificates that his fee should be $5,000.

A petition was prepared and filed asking for an injunction restraining him from disposing of said certificates. Mr. Hissem, an attorney at law residing at Loudonville where said bank was situated, and who was the attorney for said bank, upon application to court for permission to withdraw said petition from the files, temporarily obtained such an order, but said petition seemed to have been mislaid or lost and was never returned to the files in said court.

After considerable controversy between Mr. Raridon, Mr. Hissem and the sheriff, Mr. Raridon finally endorsed said certificates and turned the same over to Sheriff Homan in the bank at Loudonville.

Judge McCray testified in his own behalf as to this transaction and his connection with Mr. Paul Oliver in the bringing of the suit and the agreement as to what the fee should be. Mr. Oliver proposed that if he recovered back these certificates that he would give him $5,000. Judge McCray's testimony is clear and convincing as to this transaction and shows that it has none of the elements of fraud or moral turpitude such as is contemplated by the statute, Section 1707, regulating proceedings for disbarment of attorneys for misconduct in office.

It seems from the testimony and the record in this case that it finally resulted in a compromise between the parties concerned whereby the certificates were turned back to the sheriff by Mr. Raridon, but to accomplish this through Mr. Hissem it seems that there was some claim made by him that he should be paid for his services in connection therewith. The matter was submitted to Mr. Oliver, but he was unwilling to give anything more than the $5,000 and that whatever was to be paid in the way of costs or attorney fees had to be paid out of the $5,000 that was to be given to McCray for the recovering of these certificates. Mr. Hissem insisted that he was entitled to fees, and his first claim was that he should have one-half of the $5,000. Judge McCray thought this was unreasonable and unfair to him, and he protested against paying that amount, and finally it was agreed that Hissem was to receive $2,000 for his services, which was paid. The balance of the $5,000 would rightfully belong to Judge McCray.

Taking this whole transaction as disclosed by the testimony of Raridon and McCray, this court is satisfied that there is no just ground or reason for the judgment that was found and rendered by the court of common pleas or the judges thereof hearing the case. Taking into consideration the relation of these parties to each other, meaning Oliver, Raridon and Hissem, and in view of the testimony of Raridon and Judge McCray, this court is clearly of the opinion that there is no ground for a finding that said Henry L. McCray has been guilty of unprofessional conduct involving moral turpitude in the management of either the case of Scheriff or Oliver as set forth in the specifications upon which

said cause was tried, and as we have had occasion to say in connection with the complaint against Judge R. M. Campbell, *post,* we are at a loss to see upon what ground or theory the court of common pleas or the judges thereof, found the charges one and two or the specifications thereunder true as against said Henry L. McCray. This court, on the contrary, is of the opinion that said charges are not supported by any sufficient evidence, and that there was no misconduct on the part of said Henry L. McCray in connection with said matters of said Ludwig Scheriff or said Paul Oliver.

Therefore, the court is unanimous in the opinion that said charges and specifications are not sustained by sufficient evidence and there are no grounds justifying the disbarment of said Henry L. McCray as an attorney at law from practising in the courts of the state of Ohio or for striking his name from the list of attorneys in said state, and the judgment of this court is that said complaint be, and the same is, hereby dismissed, and said Henry L. McCray restored to all rights and privileges of an attorney at law in the state of Ohio, and that he be restored to all rights that he has lost by reason of said complaint and the proceedings thereunder had in the court of common pleas, and that he recover his costs in this proceeding against the state of Ohio.

The other charges and specifications contained in said complaint are not supported by any evidence in the case to warrant a finding or judgment against the said Henry L. McCray, and therefore the same are dismissed.